**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

| | |
|---|---|
| GLEN LLEWELLYN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Shearson Financial Network, Inc.; | ) |
| Allstate Home Loans, Inc. DBA | ) |
| Allstate Funding; | ) |
| Equity Pacific Mortgage, Inc.; | ) |
| Kevin E. Rider; | ) |
| Ocwen Financial Corporation; | ) |
| Ocwen Loan Servicing, LLC; | ) |
| Nomura Credit and Capital, Inc.; | ) |
| NCC Servicing, LLC; | ) |
| Nomura Securities International, Inc.; and | ) |
| Castle, Meinhold, & Stawiarski, LLC; | ) |
| | ) |
| Defendants. | ) |

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**
_____

Plaintiff, Glen Llewellyn, by and through his counsel, McNamara Law Firm, P.C.,

complains against Defendants as follows:

1

## Introductory Allegations and Summary of the Case

Plaintiff purchased the Coolidge Way residence with mortgage financing provided by the Defendant Allstate. He later refinanced the property in Colorado with a new loan from Washington Mutual. The new loan proceeds of about $600,000, were stolen by the Defendant Kevin Rider by wire theft. At the time, Mr. Rider was a manager of the Defendant Equity Pacific, which was an agent for and servicing branch arm of Allstate and its owner the Defendant Shearson. Mr. Rider's theft occurred while he was acting within the course and scope of his agency.

A few months after the refinance (during which time Plaintiff timely paid monthly payments to the new lender, Washington Mutual), Plaintiff started receiving notices of default from Ocwen and their servicing arms Nomura and NCC, claiming that they owned and held the (paid) Allstate loan. Plaintiff promptly corresponded with Ocwen, copying in all parties involved, telling Ocwen the Allstate loan had been paid off through the refinance. Of course, Plaintiff did not know then that Mr. Rider had stolen the refinance proceeds.

Ocwen and its servicing arms at no time were lawful owners and holders of the Allstate loan and mortgage and failed to produce any documents validating their claimed position. Instead, Ocwen, Nomura, and NCC turned in late payment/foreclosure marks against Plaintiff with the major credit reporting agencies and turned the matter over for collection and foreclosure to Defendant Law Firm.

During this whole time frame, Plaintiff was a busy and successful builder

of custom homes in the Denver area and he depended on his excellent credit scores to allow him to finance new projects upon which he made a living.

Once the Defendant Law Firm got involved things got worse, and only after several months of continuous pressure by Plaintiff's counsel did the Law Firm and Ocwen acknowledge that this had all been a mistake. During this time frame the Law Firm, Ocwen, Nomura and NCC were all informed in writing of the financial calamity they were causing Plaintiff. Their action in eventually correcting the bad credit marks and stopping foreclosure came well after Plaintiff's construction business failed and he was financially ruined by inability to get ongoing and new financing for his projects. Plaintiff's ruination was caused by the outrageous and collective illegal activity of the Defendants.

## I.     Parties

1. Plaintiff Glen Llewellyn is a citizen of Colorado.

2. The Defendant, Shearson Financial Network, Inc. ("Shearson") is a corporation incorporated in Nevada, with its principal place of business in Nevada.

3. The Defendant, Allstate Home Loans, Inc., DBA Allstate Funding ("Allstate") is a corporation incorporated in California, with its principal place of business in either California or Nevada.

4. The Defendant, Equity Pacific Mortgage, Inc. ("Equity Pacific") is a corporation incorporated in California, with its principal place of business in California. At all times material hereto, Equity Pacific was an agent of Shearson and Allstate.

5.      The Defendant, Kevin Rider, is a citizen of California, with a last known address of 26886 Pueblo Nuevo Drive, Mission Viejo, California 92691.

6.      The Defendant, Ocwen Financial Corporation, is a corporation incorporated in Florida, with its principal place of business in Florida. This Defendant employed the Defendants named in Paragraphs 7, 8, 9 and 10 to service the Allstate loan described herein.

7.      The Defendant, Ocwen Loan Servicing, LLC, is a corporation incorporated in Delaware, with its principal place of business in Florida.

8.      The Defendant, Nomura Credit and Capital, Inc., is a corporation incorporated in Delaware, with its principal place of business in New York.

9.      The Defendant, NCC Servicing, LLC, is a corporation incorporated in New York, with its principal place of business in New York.

10.     The Defendant, Nomura Securities International, Inc. is a corporation incorporated in New York, with its principal place of business in New York.

11.     The Defendant, Castle, Meinhold, & Stawiarski, LLC ("Law Firm") is a limited liability law firm corporation incorporated in Colorado and doing business at 999 18th Street, Suite 2201, Denver, Colorado, 80202.

## II.     Jurisdiction

12.     The U.S. District Court for the District of Colorado has original jurisdiction in this case under 15 U.S.C.S. § 1681, The Fair Credit Reporting Act. The Court has federal question jurisdiction in this case under 28 U.S.C.S. § 1331. This court has jurisdiction over the state law claims pleaded herein under the doctrine of pendent jurisdiction.

### III.     Venue

13.     The U.S. District Court for the District of Colorado is the proper venue in this case under 28 U.S.C.S. § 1391 as the judicial district in which a substantial part of the events and/or omissions giving rise to the claim occurred.

### III.     General Allegations

14.     This case arises from events following Plaintiff's refinance of his property 7915 South Coolidge Way, Aurora, Colorado 80016 ("Coolidge Property"). The original mortgage on this property was held by the Defendant, Allstate, owned by the Defendant, Shearson Financial Network, Inc.  The Plaintiff refinanced the property, with the loan proceeds being wired to Equity Pacific Mortgage, Inc., an agent of Allstate and Shearson, for full payment of the original note.

15.     Following receipt of the loan proceeds, the Defendant, Kevin Rider, manager of Equity Pacific, converted the funds, about $600,000, and the Allstate loan was not paid.  At all times material hereto, Rider was acting as agent for Equity Pacific, Allstate and Shearson, and was acting within the course and scope of his agency.

16.     Thereafter, Defendant Law Firm, acting as Ocwen's legal agent, initiated foreclosure proceedings against the Plaintiff on the Coolidge Property, wrongfully claiming Ocwen was owner and holder of the Allstate note.

17.     Ocwen Loan Servicing, a subsidiary of Nomura Credit and Capital, Inc. NCC Servicing, LLC, and Nomura Securities International, Inc., was notified that the property had been refinanced and all debt was paid.  However, no corrective actions were taken and foreclosure proceedings continued.  Additionally, late payment

reports were provided to the major credit reporting agencies, Equifax Credit Information Services, Inc., TransUnion, LLC and Experian, by both Ocwen and Nomura/NCC.

18. Equifax, TransUnion, and Experian (Credit Reporting Agencies), reported that Plaintiff was in default on the Allstate loan and that the property was under foreclosure. As a result of the publishing of this false information, Plaintiff's credit rating was severely negatively impacted. These reports were made available to Plaintiff's prospective creditors and made it impossible for Plaintiff gain new credit on favorable terms, which credit was critical to Plaintiff's financial viability in the construction business.

19. In spite of overwhelming proof of the refinance, none of the Defendants took the necessary steps to correct the defaulted loan proceedings or the untruthful reporting on the Plaintiff's credit reports until well after Plaintiff's damages were sustained.

20. Subsequently, Ocwen alerted Credit Reporting Agencies that the defaulted loan proceedings were a mistake.

21. This action by Ocwen was well after Plaintiff had been irreparably damaged.

## IV.    CLAIMS FOR RELIEF

### COUNT I

**Shearson Financial Network, Inc.; Allstate Home Loans, Inc. DBA Allstate Funding; Equity Pacific Mortgage, Inc.; Kevin E. Rider.**

## THEFT

## C.R.S. § 18-4-405

22.     Paragraphs 1-21 are hereby incorporated by reference.

23.     Defendants committed theft when they knowingly exercised control over Plaintiff's property without authorization and with the intention of permanently depriving the Plaintiff of the property's benefit or value.

24.     Plaintiff has suffered damages as a result of Defendants' conduct.

## COUNT II

**Shearson Financial Network, Inc.; Allstate Home Loans, Inc. DBA Allstate Funding; Equity Pacific Mortgage, Inc.; Kevin E. Rider.**

## CONVERSION

25.     Paragraphs 1-24 are hereby incorporated by reference.

26.     Without authorization, the Defendants converted Plaintiff's personal property for their own use, said personality being the $600,000 new loan proceeds.

27.     Plaintiff has suffered damages as a result of Defendants' conduct.

## COUNT III

**Ocwen Financial Solutions; Ocwen Loan Servicing, LLC; Nomura**

**Credit and Capital, Inc.; NCC Servicing, LLC; Nomura Securities International, Inc. and Castle, Meinhold, & Stawiarski, LLC.**

## OUTRAGEOUS CONDUCT

28.     Paragraphs 1-27 are hereby incorporated by reference.

29.     Defendants, Ocwen Financial, Ocwen Loan, Nomura Credit, NCC, and Nomura Securities engaged in extreme and outrageous conduct by knowingly providing false credit information to several credit bureaus.

30.     Defendant, Law Firm, engaged in extreme and outrageous conduct by maliciously, or with the intent of causing the Plaintiff injury, pursuing foreclosure against Plaintiff's property after being repeatedly informed that Plaintiff was not in default and that the Allstate loan had been paid through the refinance.

31.     Defendants' conduct was reckless and potentially done with the intent of causing the Plaintiff severe emotional distress.

32.     Defendants' unconscionable conduct has resulted in Plaintiff's suffering severe emotional distress, as well as monetary damages.

## COUNT IV

**Ocwen Financial Solutions; Ocwen Loan Servicing, LLC; Nomura Credit and Capital, Inc.; NCC Servicing, LLC; and Nomura Securities International, Inc.**

## FAIR CREDIT REPORTING ACT

*15 U.S.C.S. § 1681s-2 (b)*

33. Paragraphs 1-32 are hereby incorporated by reference.

34. The Defendants furnished inaccurate credit information to several credit reporting agencies.

35. Upon inquiry by the Plaintiff into these inaccuracies, the Defendants willfully and/or negligently failed to acknowledge the dispute in violation of the statute.

36. The Defendants willfully and/or negligently failed to conduct a reasonable or timely reinvestigation of the contested report after being notified by the Plaintiff of the inaccuracies in violation of the statute.

37. The Defendants have failed to report the results of any reinvestigation to the various consumer reporting agencies in violation of the statute.

38. If the Defendants did report these results of the reinvestigation, it occurred well beyond the statutorily required date.

39. The failure to remedy these inaccuracies has caused the Plaintiff substantial harm, including, but not limited to: denial of credit, embarrassment, humiliation, emotional distress, anxiety, frustration, damage to reputation, and financial damage.

40. As a result of Defendants' negligent and/or willful failure to comply with the FCRA Plaintiff suffered actual damages.

## COUNT V

**Ocwen Financial Solutions; Ocwen Loan Servicing, LLC; Nomura Credit and Capital, Inc.; NCC Servicing, LLC; and Nomura Securities International,**

Inc.

## FAIR DEBT COLLECTION PRACTICES ACT

*15 U.S.C.S § 1692e (8)*

41.     Paragraphs 1-40 are hereby incorporated by reference.

42.     Defendants, debt collection agencies used false, deceptive, or misleading representations or means in connection with collection of the disputed debt

43.     Defendants, debt collection agencies, after being informed that the debt had been paid off, communicated or threatened to communicate to consumer credit reporting agencies false information concerning Plaintiff's credit worthiness.

44.     Defendants, after being notified that the disputed debt was in dispute, failed to communicate the dispute to the same consumer credit reporting agencies.

45.     As a result of Defendants' failure to comply with the Fair Debit Collection Practices Act Plaintiff has suffered actual damages.

## COUNT VII

### Castle, Meinhold, & Stawiarski, LLC.

## FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692e (5)**

46.     Paragraphs 1-45 are hereby incorporated by reference.

47.     Defendant, acting as a debt collection agency, threatened a foreclosure action against Plaintiff's property if Plaintiff did not make payment on a non-existent debt.

48.     The action of foreclosure could not legally be taken at the time of the threat because the debt had been paid in full.

49.     Defendant was notified repeatedly that Plaintiff had paid the debt in full and yet, upon information and belief, did not stop foreclosure proceedings or rescind the threat until well after Plaintiff had been irreparably damaged.

50.     Plaintiff suffered damages as a result of Defendant's actions.

## VIII.   Demand for Jury Trial

51.     Plaintiff hereby demands a jury trial on all issues so triable.

## IX.   Prayer for Relief

60.     WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

    a.     Actual damages in an amount to be shown at trial;

    b.     Treble damages pursuant to C.R.S. § 18-4-405.

    c.     Statutory damages pursuant to 15 U.S.C.S. § 1681n, § 1681o, and

§ 1692k;

    c.     Punitive damages pursuant to FCRA § 1681n;

    d.     Costs and reasonable attorney's fees; and

    e. Such other relief as may be just and proper.

DATED this 9th day of January, 2008.

        By: _/s/ John N. McNamara, Jr._____
           John N. McNamara, Jr., #2471

               **McNAMARA LAW FIRM, P.C.**
               1035 South Gaylord Street
               Denver, Colorado 80209
               Tel: 303-722-1624
               Fax: 303-722-0253
               mac@washparklaw.com
               *Attorney for Plaintiff*

Plaintiff Glen Llewellyn's
Address is:
7329 South Ukraine Street
Aurora, CO 80016