IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00179-MSK-KLM

GLEN LLEWELLYN,

    Plaintiff,

v.

SHEARSON FINANCIAL NETWORK, INC.,
ALLSTATE HOME LOANS, INC. d/b/a ALLSTATE FUNDING,
EQUITY PACIFIC MORTGAGE, INC.,
KEVIN E. RIDER,
OCWEN LOAN SERVICING, LLC.,
NOMURA CREDIT AND CAPITAL, INC.,
NCC SERVICING, LLC., and
CASTLE, MEINHOLD & STAWIARSKI, LLC.,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Entry of Default Judgment Against Defendants Shearson Financial Network, Inc. and Allstate Home Loans, Inc.** [Docket No. 94; Filed July 21, 2008] (the "Motion"). The Motion has already been denied without prejudice as to Defendant Shearson Financial Network, Inc. due to this party's pending bankruptcy [Docket No. 105]. As such, the Court addresses the Motion only as to whether to impose judgment against Defendant Allstate Home Loans, Inc. (hereinafter, "Defendant Allstate"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo.L.Civ.R. 72.1.C., the matter has been referred to this Court for recommendation. The Court has reviewed the Motion, the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, for the reasons set forth below, the Court **RECOMMENDS** that the

Motion be **DENIED**.

Default may enter against a party who fails to appear or otherwise defend the case brought against it pursuant to Fed. R. Civ. P. 55. Default was entered against Defendant Allstate on May 14, 2008 [Docket No. 69]. However, even after entry of default, it is for the Court to decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *See Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (unpublished decision) (citations omitted). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at *2 (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)). Where the complaint states an adequate legal basis for relief against a party in default, default judgment is appropriate. *Id.* (citing *Weft, Inc. v. G.C. Inv. Assocs.*, 630 F. Supp. 1138, 1143 (E.D.N.C. 1986)).

Upon review of a motion for default judgment, and after default has entered, Plaintiff enjoys the benefit of deferential pleading interpretation. As such, the Court deems the well-pleaded facts of the complaint as true. *Deery Am. Corp. v. Artco Equip. Sales, Inc.*, No. 06-cv-01684-EWN-CBS, 2007 WL 437762, at *3 (D. Colo. Feb. 6, 2007) (unpublished decision) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). The Court also accepts as undisputed any facts set forth by Plaintiff in affidavits and exhibits. *Id.*

Here, Plaintiff seeks to hold Defendant Allstate liable for the actions of its "authorized

2

servicing agent" Kevin E. Rider of Equity Pacific Mortgage, Inc.[1]  *Motion* [#94] at 2. Specifically, Plaintiff contends that "[b]ecause . . . Allstate placed Mr. Rider . . . in the position to defraud Plaintiff, [Allstate is] liable to Plaintiff for the torts committed by Mr. Rider . . . ."  *Id.*  The claims asserted against Defendants Allstate include civil theft, Colo. Rev. Stat. § 18-4-405 (Count I), and common law conversion (Count II).  *Complaint* [#1] at 6-7.

The facts giving rise to Plaintiff's complaint against Defendant Allstate and others relate to the events surrounding Plaintiff's refinancing of certain property located in Aurora, Colorado. The original mortgage on the Aurora, Colorado property was held by Defendant Allstate. According to the complaint, "Plaintiff refinanced the property, with the loan proceeds being wired to [Defendant Rider at] Equity Pacific Mortgage, Inc., an agent of Allstate . . ., for full payment of the original note." *Id.* at 5. Thereafter, Mr. Rider absconded with the funds, approximately $600,000, such that the refinancing proceeds were not used to pay off the loan held by Defendant Allstate. "At all times material hereto, Rider was acting as agent for . . . Allstate . . ., and was acting within the course and scope of his agency." *Id.* Mr. Rider is presently a fugitive from justice [Docket Nos. 93, 97 & 103].

As a result of Mr. Rider's actions, Plaintiff alleges that a series of events occurred which led to the near foreclosure of the Aurora, Colorado property, a negative impact on Plaintiff's credit rating, his inability to obtain credit for his construction business, and the ultimate ruination of that business.  *Complaint* [#1] at 3, 6. Specifically, in an affidavit attached to the Motion, Plaintiff avers that prior to the actions of Defendant Allstate's agent,

---

[1] To date, neither Mr. Rider nor Equity Pacific Mortgage, Inc. has been served with the summons and complaint.  Mr. Rider, who is the principal of Equity Pacific Mortgage, Inc., has evaded Plaintiff's attempts to serve him [Docket Nos. 93, 97 & 103].

Plaintiff ran a successful construction business where he bought, remodeled, and sold or rented properties for a profit. *Affidavit of Glen Llewellyn* [#94-2] at 1. In addition, Plaintiff avers that prior to filing the present lawsuit, Plaintiff's attorney contacted the CEO of Defendant Allstate and he acknowledged that Mr. Rider was an "authorized servicing agent" of Allstate. He also acknowledged that Mr. Rider had disappeared with not only the proceeds of Plaintiff's refinancing, but also with a significant number of first loan payments made by new borrowers. *Id.* at 2. Plaintiff also avers that:

> Kevin Rider's theft and conversion of my refinance proceeds triggered a series of events, including an attempted foreclosure action on the [Aurora, Colorado] property, which severely damaged my credit and thus, my ability to secure continued financing for my construction business.
>
> By early 2007, I was no longer able to pay all of my obligations and was forced to sell my tools, equipment, furniture, and fixtures at a loss. Additionally, I was forced to let a number of the properties I owned go into foreclosure. Those houses that were not foreclosed upon, I was forced to sell at a loss. The failure of my construction business also caused me to lose out on rental income and equity profits when selling the properties at a later date.
>
> My total damages arising directly and proximately from . . . Allstate's conduct include $152,000 for tools, equipment, furniture, and fixtures and $2,772,728 in foreclosed properties or properties which I was forced to sell at a loss. I lost the $900,000 worth of materials and labor that I had put into renovating the properties. I also lost $300,000 in project rent revenue and $360,000 in equity revenue.

*Id.* at 3. The sum total of Plaintiff's alleged losses is $4,184,728.

As noted above, Plaintiff asserts two claims for relief against Defendant Allstate (in addition to Mr. Rider, Equity Pacific Mortgage, Inc., and Shearson Financial Network, Inc.), namely civil theft and conversion.[2] Pursuant to Colo. Rev. Stat. § 18-4-405 ("Rights in

---

[2] Jurisdiction for this lawsuit is premised on the federal question at issue in Plaintiff's Fair Debt Collection Practices Act claims asserted against Defendants who are not relevant here.

4

Stolen Property" statute), the victim of civil theft "may maintain an action . . . against the taker thereof . . . [and] may recover . . . three times the amount of actual damages sustained by him, . . . and may also recover costs of the action and reasonable attorney fees . . . ." The treble damages component of civil theft is available only if the elements of criminal theft are present, i.e., the injured person must demonstrate that another person obtained control of his property with the knowing intention of permanently depriving him of the use or benefit of such property. *In re Powell*, No. 07-cv-02000, 2008 WL 4489179, at *4 (D. Colo. Sept. 30, 2008) (unpublished decision) (citing Colo. Rev. Stat. § 18-4-401). Further, pursuant to Colorado common law, conversion is "any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another." *Internet Archive v. Shell*, 505 F. Supp. 2d 755, 762 (D. Colo. 2007) (citation omitted).

As to whether default judgment should be entered against Defendant Allstate for the conduct of its agent, Mr. Rider, the allegations contained in Plaintiff's complaint and affidavit are deemed true for purposes of ruling on the present Motion. Therefore, the Court accepts as true that Mr. Rider was acting on behalf of Defendant Allstate when he knowingly stole and exercised control over the refinancing loan proceeds paid by Plaintiff's new lender with the intention to permanently maintain ownership of such proceeds. The Court further accepts as true that Plaintiff suffered actual damages as a result of Mr. Rider's conduct.

---

The Court exercises supplemental jurisdiction over Plaintiff's state law claims, and when it does so, applies the law of the forum state, Colorado. *See BancOklahoma Mortg. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999).

Although Defendant Allstate was not the actual wrongdoer, its liability can be premised on the principal-agent theory of liability pursuant to Restatement (Second) of Agency § 261. *Richards v. Attorneys' Title Guar. Fund, Inc.*, 866 F.2d 1570, 1572-73 (10th Cir. 1989) (interpreting Colorado state law regarding theft and imposing liability in accordance with § 261 on mortgage company whose agent stole or converted escrow proceeds for his own use). "Liability is determined by considering, from a factual standpoint, whether the tortious act was done while the employee, whether an agent or a servant, was acting within the scope of employment." *Id.* 1572. Morever, "§ 261 is consistent with the legal principle recognized by the courts of Colorado that, when one of two innocent persons must suffer from the acts of a third, he must suffer who put it in the power of the wrongdoer to inflict the injury." *Id.* at 1572-73 (citing Colorado caselaw); *see also Montoya v. Grease Monkey Holding Corp.*, 883 P.2d 486, 487 (Colo. Ct. App. 1994) (noting that "a principal may be liable under [§ 261] even though the principal had no knowledge of the fraud, did not authorize the fraud, and did not receive any benefit from the transaction"). Here, because Defendant Allstate placed Mr. Rider in a position to receive the loan refinancing proceeds in the course of carrying out Allstate's business, the complaint generally states facts sufficient to support a theory of agency liability against Defendant Allstate. Therefore, by virtue of Defendant Allstate's default, it may be jointly and severally liable for Plaintiff's injuries pursuant to properly brought claims.

However, although Plaintiff seeks to impose liability against Defendant Allstate pursuant to Colo. Rev. Stat. § 18-4-405 (civil theft) and common law conversion, I find that Plaintiff is not entitled to recovery against this Defendant via either claim. First, as to civil theft, which is codified in the criminal code of the Colorado Revised Statutes, this statute

6

"was intended to be a punitive measure depriving thieves and persons who buy and sell stolen goods of the immediate fruits of their criminal activities." *Montoya*, 883 P.2d at 490-91 (citing *In re Marriage of Allen*, 724 P.2d 651 (Colo. 1986)).

> Here, the express language of the statute provides recovery from the "taker" of the property as well as from the "person in whose possession [the victim] finds the property." Here, the facts indicate that [the agent], not [the principal], was the "taker" of the property. Additionally, [the principal] does not currently, nor did it ever, possess the funds fraudulently obtained by [the agent].
>
> . . . .
>
> Here, [the principal] does not fit into the category of thieves or persons who buy and sell stolen property which the statute aspires to punish. Therefore, we decline to apply § 18-4-405, C.R.S. against [the principal] because punishing the actions of [the principal] in this context does not serve the purposes of the statute.

*Id.* (quoting Colo. Rev. Stat. § 18-4-405). The facts here appear substantially similar to those in *Montoya*. There are no allegations here that Defendant Allstate took the funds for which Plaintiff seeks to recover damages pursuant to section 18-4-405, or that Defendant Allstate has ever been in possession of the funds stolen by Mr. Rider. As such, the unchallenged facts presented by Plaintiff do not create a legitimate basis for imposing liability against Defendant Allstate pursuant to section 18-4-405, or for treble damages under the statute.

Second, as to conversion, while a principal may be liable for the acts of its agent in the conversion of another person's property, *Richards*, 866 F.2d at 1572-76, "[a]n action for damages for conversion of personal property cannot be maintained unless plaintiff had a general or special property [interest] in the personalty converted, coupled with possession or the immediate right thereto." *Byron v. York Inv. Co.*, 296 P.2d 742, 745 (Colo. 1956).

7

Here, the $600,000 stolen by Mr. Rider technically belonged to Defendant Allstate, not Plaintiff. The funds were to be used to pay off the refinanced Allstate loan, and the funds were paid by Plaintiff's new lender directly to the agent of Defendant Allstate for this purpose. *See Affidavit of Glen Llewellyn* [#94-2] at 2 (noting that the money was wired by the new lender to Mr. Rider). Moreover, Plaintiff never had possession of the funds, nor the right to obtain possession of the funds. Indeed, at the time of Mr. Rider's theft, Plaintiff presumably owed $600,000 or more on the Aurora, Colorado property and would not have been in a position to demand personal receipt of such money. A predicate to any successful conversion claim is "the owner's demand for the return of the property, and the controlling party's refusal to return it." *Glenn Arms Assocs. v. Century Mortg. & Inv. Corp.*, 680 P.2d 1315, 1317 (Colo. Ct. App. 1984). The unchallenged facts presented by Plaintiff here do not show that Plaintiff owned the $600,000 stolen by Mr. Rider or that he demanded its return and was refused.

While Plaintiff contends that Mr. Rider's conversion of these funds set in motion a chain of events that caused significant financial injuries for which he now seeks reimbursement from Defendant Allstate, to the extent that Plaintiff's claim can be interpreted to suggest that Mr. Rider's actions led to the conversion of the Aurora, Colorado property specifically, and all of his business property generally, the Court notes that Plaintiff maintained ownership of the Aurora, Colorado property and most of his other business property throughout this ordeal.[3] Accordingly, I find that Plaintiff is not entitled to recovery

---

[3] Further, in regard to the Aurora, Colorado property, Plaintiff provides no specific details about the market value of the property, the ultimate sale price, or the amount of loss that he suffered in the sale.

8

against Defendant Allstate pursuant to a common law conversion theory.

Further, to the extent that Plaintiff seeks punitive damages against Defendant Allstate pursuant to Colo. Rev. Stat. § 13-21-102, without a freestanding, viable tort claim, punitive damages are not available. *White v. Hansen*, 837 P.2d 1229, 1236 (Colo. 1992) (recognizing that "the exemplary damages statute does not create a separate legal right; rather it is only applicable when the plaintiff is successful on the underlying claim"). Moreover, punitive damages will not be awarded against a principal for the acts of its agent unless it can be shown that the principal: (1) authorized or approved of the tortious act; (2) approved or participated in the commission of the tortious conduct; or (3) failed to exercise proper care over the selection of its agent. *Malandris v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 703 F.2d 1152, 1174 (10th Cir. 1981) (citing *Holland Furnace Co. v. Robson*, 402 P.2d 628, 631 (Colo. 1965)). Even if Plaintiff asserted a viable tort claim against Defendant Allstate, none of these elements have been alleged or satisfied here. Indeed, similar to the civil theft statute, punitive damages are intended to punish the actual wrongdoer, and cannot be awarded against a party who has not participated in the tortious act. *See Holland Furnace Co.*, 402 P.2d at 631.

I find that Plaintiff's complaint fails to state an adequate legal basis for relief against Defendant Allstate pursuant to his civil theft and conversion claims. Accordingly, I **RECOMMEND** that the Motion be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo*

review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: November 24, 2008

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix