IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00179-MSK-KLM

GLEN LLEWELLYN,

      Plaintiff,

v.

SHEARSON FINANCIAL NETWORK, INC.,
ALLSTATE HOME LOANS, INC. dba ALLSTATE FUNDING,
EQUITY PACIFIC MORTGAGE, INC.,
KEVIN E RIDER,
OCWEN FINANCIAL CORPORATION,
OCWEN LOAN SERVICING, LLC.,
NOMURA CREDIT AND CAPITAL, INC.,
NCC SERVICING, LLC., and
CASTLE, MEINHOLD & STAWIARSKI, LLC.,

      Defendants.

**ORDER AND OPINION ADOPTING RECOMMENDATION AND DENYING MOTION
FOR ENTRY OF DEFAULT JUDGMENT WITHOUT PREJUDICE**

      **THIS MATTER** comes before the Court pursuant to Plaintiff Glen Llewellyn's Objection **(#109)** to the November 24, 2008 Recommendation **(#106)** by the Magistrate Judge that the Plaintiff's Motion for Entry of Default Judgment **(#94)** be denied.

**I. Background**

      On January 29, 2008, Mr. Llewellyn filed his Complaint naming ten defendants and asserting a total of six claims for relief stemming from Defendant Kevin Rider's alleged theft of funds intended for refinancing Mr. Llewellyn's loan on his property in Aurora, Colorado **(#1)**. Claims One and Two, alleging civil theft and conversion, respectively, were asserted against

Defendants Allstate and Shearson. Allstate was served with the Complaint and Summons on February 27, 2008 **(#28)**, and Shearson was served on March 12, 2008 **(#42)**.

On April 7, 2008, Defendant Ocwen Loan Servicing, LLC filed its Motion to Dismiss Plaintiff's Complaint **(#47)**. On April 15, 2008, Defendant Castle, Meinhold & Stawiarski, LLC filed its Motion to Dismiss **(#53)**. On May 8, 2008, Defendant Nomura Credit and Capital, Inc. filed its Motion to Dismiss **(#61)**. These motions are all currently pending.

On May 14, 2008, after they failed to enter an appearance, the Clerk entered default against both Allstate and Shearson **(#69, #70)**. On July 21, 2008, Mr. Llewellyn filed his Motion for Entry of Default Judgment against Allstate and Shearson **(#94)**, which was referred to the Magistrate Judge **(#95)**. On October 7, 2008, this Court denied the Motion for Entry of Default Judgment without prejudice as to Shearson because Shearson had initiated bankruptcy proceedings, triggering the automatic stay of proceedings against it **(#96, #105)**.

On November 24, 2008, the Magistrate Judge recommended that the Motion be denied as to Allstate **(#106)**. The Magistrate Judge found that the civil theft statute, C.R.S. § 18-4-405, did not apply to Allstate based upon Mr. Llewellyn's theory that Allstate is liable for the wrongdoing of its agent, Defendant Rider. The Magistrate Judge also found that Mr. Llewellyn failed to establish his claim for conversion against Allstate because he did not have possession of, or the right to possess, the refinance funds allegedly stolen by Defendant Rider. Finally, the Magistrate Judge found that punitive damages were not appropriate because Mr. Llewellyn had failed to establish a viable claim for relief against Allstate.

On December 11, 2008, Mr. Llewellyn filed an objection to the Magistrate Judge's recommendation **(#109)**. Mr. Llewellyn argues that the legal authority relied upon by the Magistrate Judge does not prevent the application of the civil theft statute to Allstate, that a

conversion claim is viable even if the plaintiff never possessed the converted funds, and that punitive damages are appropriate because these two claims are established against Allstate

## II. Standard of Review

Within ten days after being served with a copy, any party may serve and file specific written objections to a magistrate judge's recommendations. The district court shall make a *de novo* determination of those portions of the recommendations to which a proper objection is made. The district court may then accept, reject, or modify the recommendations. 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72(b).

To preserve an issue for *de novo* review by the district court, a party's objections to the magistrate judge's report and recommendation must be both timely and specific. *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## III. Recommendation on Motion for Entry of Default Judgment

Because Mr. Llewellyn has provided timely and specific objections to the Magistrate Judge's recommendation, this Court reviews his Motion for Entry of Default Judgment *de novo*.

### A. Standard for Entry of Default Judgment

Default judgment may be entered against a party who fails to appear or otherwise defend. Fed. R. Civ. P. 55. Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment. *See McCabe v. Campos*, 2008 WL 576245, *2 (D. Colo. 2008) (citing *Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir. 1994)).

A final default judgment cannot be entered against a party until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D.Colo. 1984)(citing 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2692 at 465-66 (1983)).

One of the main reasons for this rule is to prevent a plaintiff who obtains a default judgment from receiving more in damages than is supported by actual proof. *See Klapprott v.United States*, 335 U.S. 601, 611-12 (1949). Actual proof must support any default judgment for money damages where there is an uncertainty as to the amount. *See id*.

A trial court is vested with broad discretion in deciding whether to enter a default judgment. *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).

B. Analysis

In his Complaint, Mr. Llewellyn claims that he has suffered damages because his construction business was ruined as a result of "the collective illegal activity of the Defendants." *Complaint*, Docket #1, p.3. Furthermore, Mr. Llewellyn seeks an unspecified amount of actual damages to be proven at trial, in addition to unspecified statutorily-based damages and unspecified punitive damages. *Id.* at 11. As noted above, three defendants are actively defending the claims asserted against them through pending motions to dismiss. Also, this action has been stayed against Defendant Shearson. Accordingly, the amount of Mr. Llewellyn's alleged damages remains in dispute and has yet to be supported by actual proof. Under these circumstances, entry of default judgment against a single defendant is not appropriate at this time.

This Court agrees with the recommendation of the Magistrate Judge that the Motion for Entry of Default Judgment should be denied, but for different reasons, namely that the Motion is premature. Mr. Llewellyn is granted leave to re-file a motion for entry of default judgment when the posture of his action allows the Court full consideration of such a motion.

The Court **OVERRULES** Mr. Llewellyn's Objection **(#109)** and **ADOPTS** the Recommendation **(#106)**. Mr. Llewynn's Motion for Entry of Default Judgment **(#94)** is

**DENIED WITHOUT PREJUDICE** as to Defendant Allstate.

Dated this 25th day of February, 2009

BY THE COURT:

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge