IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00179-WJM-KLM

GLEN LLEWELLYN,

    Plaintiff,

v.

ALLSTATE HOME LOANS, INC. d/b/a ALLSTATE FUNDING,
OCWEN LOAN SERVICING, LLC.,
NOMURA CREDIT AND CAPITAL, INC.,
NCC SERVICING, LLC., and
CASTLE, MEINHOLD & STAWIARSKI, LLC.,

    Defendants.
_____

## ORDER DENYING RECONSIDERATION
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Objection to "Joint" Motion to Vacate Settlement Conference – and to February 17, 2011 Minute Order Vacating Same Request for Reconsideration** [Docket No. 239; Filed February 18, 2011] (the "Motion").

As a preliminary matter, the Motion does not comply with the Local Rules in several respects.  First, it does not appear to be double spaced as required by D.C.COLO.LCivR 10.1E.  Second, it does not contain an adequate certification that Plaintiff conferred with opposing counsel, including his specific efforts to comply with the rule, as required by D.C.COLO.LCivR 7.1A.  Finally, it contains both a response to a motion and an independent motion in violation of D.C.COLO.LCivR 7.1C.  The Motion is subject to denial on any basis set forth above.  Nevertheless, the Court considers the merits of the Motion.

Plaintiff seeks reconsideration of my prior Order granting Defendants' motion [Docket No. 236] and vacating the Settlement Conference set for February 22, 2011 [Docket No. 238]. Plaintiff contends that Defendants' motion was misleading, that he strongly objects to it, and that his client has already begun to travel to Denver to participate in the Settlement Conference.

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

The bases provided by Plaintiff for reconsidering my prior Order are unpersuasive. First, the Court was aware that Plaintiff was opposed to vacating the Settlement Conference. Nevertheless, the Court is not required to wait for a party's response before ruling on a motion. *See* D.C.COLO.LCivR 7.1C. Second, despite Plaintiff's opposition, the Court found that good cause had been provided for vacating the Settlement Conference. This decision is not impacted by knowledge that Plaintiff has already begun to travel to Denver to participate. Although the Court is sympathetic to Plaintiff's current predicament, the request to vacate the Settlement Conference was timely filed, see *Order* [#4] at 1, and well supported. Further, there is nothing that prevents the parties from conferring about

settlement without the Court's involvement, at any time.  As such, the Court continues to find that under these circumstances, a Settlement Conference would not be beneficial at the present time.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

Dated:  February 18, 2011

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge