**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No.  08-cv-00179-WJM-KLM

GLEN LLEWELLYN,

      Plaintiff,

v.

ALLSTATE HOME LOANS, INC. d/b/a ALLSTATE FUNDING, and
NCC SERVICING, LLC.

      Defendants.

---

## ORDER OF DISMISSAL

---

This matter is before the Court on Plaintiff's Response (ECF No. 268) to the

Court's June 16, 2011 Order to Show Cause (ECF No. 267).  In the Order to Show

Cause, the Court ordered that

> Plaintiff shall show cause whether, and on what basis or bases, the Court
> has *in personam* jurisdiction over the two remaining defendants in the
> action, Allstate Home Loans, Inc. d/b/a Allstate Funding, and NCC
> Servicing, LLC.  In Plaintiff's response to this Order, Plaintiff shall address
> whether the two remaining defendants were properly served with process
> under Federal Rule of Civil Procedure 4, and in particular whether service
> was effected at an address for each defendant that was an authorized
> address as of the date of service.[1]

(*Id.*)  The Court's review of the docket in this action is what prompted the Court's order

to show cause.  Specifically, the Court's review of the Affidavits/Returns of Service as to

these two defendants (who have not appeared in this action), along with the Court's

---

[1] Plaintiff has the burden "of establishing the validity of the service of process."
*Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

own research regarding the two defendants' authorized addresses for service of process, called into question whether service on these two defendants was proper. Plaintiff's Response to the Order to Show Cause only directs to the Court to these same Affidavits/Returns of Service that the Court had already reviewed prior to issuance of its Order to Show Cause.  (*See* ECF No. 268; *see also* ECF No. 14, 15, 28, 86 Ex. 1.)  The Court considers this cursory Response to be entirely inadequate.

## I.     Service of Process on Allstate Home Loans, Inc. d/b/a Allstate Funding

The Return of Service filed by Plaintiff for Allstate Home Loans, Inc. d/b/a Allstate Funding states that "Allstate Home Loans, Inc. d/b/a Allstate Funding was served by handing to their registered agent, Michele Starbuck of Paracorp of California, Inc., located at 95 Emerson #601 Denver, CO on [February 27, 2008] at 10:00 a.m."  (ECF No. 14, 28.)

The Court has researched business records on the Colorado Secretary of State's website for "Allstate Home Loans, Inc." and "Allstate Funding."[2]  The one listing for "Allstate Home Loans, Inc." (ID # 20021171505) pulls up a record for "Shearson Home

---

[2] *See* Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *Allen v. United Props. & Constr., Inc.*, No. 07-cv-00214, 2008 WL 4748511 (D. Colo. Oct. 28, 2008) (taking judicial notice of business records on Colorado Secretary of State's website, and citing case law stating, "Public records and government documents are generally considered not to be subject to reasonable dispute.  This includes public records and government documents available from reliable sources on the Internet.") (citation omitted); *Circuito Cerrado Inc. v. La Camisa Negra Rest. & Bar Corp.*, No. 09-CV-5181, 2011 WL 1131113, at *2 (E.D.N.Y. Mar. 7, 2011) (taking judicial notice of business records on Secretary of State's website); *Trent v. Ohio Nat. Life Ins. Co.*, Civil No. 10-715-GPM, 2010 WL 4385496, at *3 (S.D. Ill. Oct. 28, 2010) (same).

Loans."[3]  (*See* http://www.sos.state.co.us (last visited June 26, 2011).)  While Shearson

Home Loans did indeed use Paracorp of California Inc. as its agent for service of

process, and the proper address was 95 Emerson St. # 601, Denver, CO, this listing

notably states that Shearson Home Loans' "Colorado Authority [Was] Relinquished

August 22, 2007." (*See id.*)  Given that business records on the Colorado Secretary of

State's website indicates states that Shearson Home Loans', and therefore Allstate

Home Loans, Inc.'s, Colorado authority was relinquished on August 22, 2007, Plaintiff

has not satisfied his burden of showing that his February 27, 2008 service of process at

this address was effective under Federal Rule of Civil Procedure 4.  *See Allen*, 2008 WL

4748511, at *3 (stating that the plaintiff had not met his burden of establishing the

validity of service where Secretary of State records did not list the defendant as located

at the address indicated on the returns of service).

The Colorado Secretary of State's website contains five different listings for

"Allstate Funding" or "Allstate Funding Corp." (*See* http://www.sos.state.co.us (last

visited June 26, 2011).)  One of these listings (ID # 20021171505) involves the same

business record for "Shearson Home Loans" discussed above.  (*See id.*)  The other four

listings (ID # 20041028066 and 20061131550) provide a different registered agent and

service address than the address Plaintiff used to serve process.  (*See id.*)

Therefore, the evidence indicates that Defendant Allstate Home Loans, Inc. d/b/a

Allstate Funding was not properly served in this action, and Plaintiff's Response to the

Order to Show Cause provides no reason to conclude differently.

---

[3] There is some indication in the record that Shearson Financial Network was
Allstate Home Loans, Inc.'s parent company.  (*See, e.g.*, ECF No. 1, at 2.)

II.     **Service of Process on NCC Servicing, LLC**

The first Return of Service for NCC Servicing, LLC states that "NCC Servicing, LLC was served by serving its parent company Nomura Securities International, Inc. by handing to Chris Rogers of the Corporation Company at 1675 Broadway #1200 Denver, CO on [February 27, 2008] at 10:25 a.m." (ECF No. 15.)

This address *is* an authorized address for service of process for Nomura Securities International, Inc. (*See* http://www.sos.state.co.us (last visited June 26, 2011).)[4] The return of service states that the basis for service is that Nomura Securities International, Inc. is NCC Servicing, LLC's parent company. However, a plaintiff may not properly serve process on a defendant subsidiary company by serving process on the parent company, absent a showing by the plaintiff that the parent and subsidiary have abandoned corporate formalities and one is the alter-ego of the other. *See Bally Exp. Corp. v. Balicar, Ltd.*, 804 F.2d 398, 405 (7th Cir. 1986) ("Where one corporation so controls another corporation that, as a practical matter, the two entities function as one, service on one corporation is effective as to both."); *Oriental Imps. & Exps., Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 893 (11th Cir. 1983) ("Only where there is a showing by plaintiff that the parent corporation exercised such a degree of control over its subsidiary that the activities of the subsidiary were in fact the activities of the parent within the state is substituted service of process permitted.") (internal citation and quotation marks omitted); 19 C.J.S. Corporations § 814 (2011) ("Where [the plaintiff shows] that one corporation so controls the affairs of another corporation that the two

---

[4] The Court notes that there is no listing for NCC Servicing, LLC itself on the Colorado Secretary of State's website. (*See id.*)

entities are essentially one, the court will hold service of process on one corporation effective as to the other.").  Plaintiff has failed to make any such showing here, there being no discussion of this issue at all in his response to the Court's Order to Show Cause.  Therefore, the Court holds that service of process on Nomura Securities International, Inc. did not constitute effective service on NCC Servicing, LLC.

The second Return of Service for NCC Servicing, LLC states that NCC Servicing was served personally on June 4, 2008 by leaving the summons and complaint at "190 Lawrence Bell Dr., Ste 104, Williamsville, NY 14221."  (ECF No. 86 Ex. 1.)

The New York Secretary of State's website has one listing for "NCC Servicing, LLC."  (*See* http://www.dos.state.ny.us (last visited June 26, 2011).)  The authorized address listed for service of process is 337 Main Street, Farmingdale, New York 11735.  (*See id.*)  The Court placed a telephone call to the New York Secretary of State's office on June 27, 2011, and an agent there confirmed that this service address for NCC Servicing, LLC has never changed (since 2006).  Thus, there is no indication that the address used by Plaintiff to serve process was an authorized address for service of process for NCC Servicing, LLC at the time of service.  *See Allen*, 2008 WL 4748511, at *3.

Therefore, the evidence indicates that NCC Servicing, LLC was not properly served in this action, and Plaintiff's Response to the Order to Show Cause provides no reason to conclude differently.

## III.    Propriety of Dismissal

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action because of the plaintiff's failure "to prosecute or to comply with the [Federal Rules of

5

Civil Procedure] or a court order . . . ."  *See also Olsen v. Mapes*, 333 F.3d 1199, 1204

n.3 (10th Cir. 2003) ("Rule 41(b) . . . has long been interpreted to permit courts to

dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules

of civil procedure or court's orders.").

Because statutes of limitations could bar the refiling of Plaintiff's claims against

Allstate Home Loans, Inc. d/b/a Allstate Funding, and NCC Servicing, LLC (and thus a

dismissal without prejudice could effectively constitute a dismissal with prejudice), the

Court must analyze certain factors in determining whether dismissal is appropriate.  *See

id.* at 1204 (listing factors that must be addressed before dismissing an action under

Rule 41(b) with prejudice); *Woodmore v. Git-N-Go*, 790 F.2d 1497, 1499 (10th Cir.

1986) ("[W]hen a case is dismissed with prejudice or dismissed without prejudice at a

time when the statute of limitations would ban refiling, a trial court must explain why it

imposed the extreme sanction of dismissal."); *see also Allen*, 2008 WL 4748511, at *3-

*4.  Those factors are (1) the degree of actual prejudice to the defendant; (2) the

amount of interference with the judicial process; (3) the culpability of the litigant; (4)

whether the court warned the party in advance that dismissal of the action would be a

likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.  *Olsen*, 333

F.3d at 1204.

First, the two remaining defendants have not been served yet, so prejudice to

them is minimal.  *See id.* at 1205; *Allen*, 2008 WL 4748511, at *4.  Second, substantial

judicial resources have been expended on this litigation, which has been pending for

nearly three-and-a-half years.  Third, Plaintiff himself is responsible for not only failing to

properly effect service of process in this action, but also providing a completely

6

ineffectual and seemingly disinterested response to the Court's Order to Show Cause.
Fourth, while the Court's Order to Show Cause did not explicitly threaten dismissal, it
did implicitly do so.  Further, the Court notes that Plaintiff is represented by counsel,
who should have been aware of the potential of dismissal, and notes that Plaintiff's
Response to the Order to Show Cause was so insubstantial as to indicate a disregard
for the Court's time and resources.  Fifth, given this disregard, it does not appear that
any other sanction is appropriate.  Thus, the relevant factors support dismissal of this
action.

Based on the foregoing, the claims in this action against Allstate Home Loans,
Inc. d/b/a Allstate Funding, and NCC Servicing, LLC, are hereby DISMISSED without
prejudice.

In the Court's June 16, 2011 Opinion and Order on summary judgment, the Court
granted summary judgment in favor of Defendants Ocwen Loan Servicing, LLC,
Nomura Credit and Capital, Inc., and Castle, Meinhold & Stawiarski, LLC.  (ECF No.
266.)  The Court now dismisses without prejudice all claims against the two remaining
defendants Allstate Home Loans, Inc. d/b/a Allstate Funding, and NCC Servicing, LLC.
Therefore, there are no further claims remaining at issue in this action.

Accordingly, the Clerk shall enter Final Judgment in this action in accordance
with this Order as well as the Court's Opinion and Order on summary judgment.

Dated this 27th day of June, 2011.

BY THE COURT:

William J. Martínez
United States District Judge