## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00179-WJM-KLM

GLEN LLEWELLYN,

        Plaintiff,

    v.

SHEARSON FINANCIAL NETWORK, INC.;
ALLSTATE HOME LOANS, INC., d/b/a ALLSTATE FUNDING;
EQUITY PACIFIC MORTGAGE, INC.;
KEVIN E. RIDER;
OCWEN FINANCIAL CORPORATION;
OCWEN LOAN SERVICING, LLC;
NOMURA CREDIT AND CAPITAL, INC.;
NCC SERVICING, LLC;
NOMURA SECURITIES INTERNATIONAL, INC.; and
CASTLE, MEINHOLD & STAWIARSKI, LLC,

        Defendants.

---

### MOTION FOR LIMITED REOPENING OF DISCOVERY REGARDING PLAINTIFF'S EMOTIONAL DAMAGES FOLLOWING REMAND

---

Defendants Ocwen Loan Servicing, LLC and Nomura Credit and Capital, Inc. (collectively, the "Ocwen Defendants"), by and through their undersigned counsel, hereby submit the following Motion for Limited Reopening of Discovery Regarding Plaintiff's Emotional Damages Following Remand, and, in support thereof, state as follows:

### D.C.COLO.LCivR 7.1(A) CERTIFICATION

Pursuant to D.C.COLO.LCivR 7.1(A), the undersigned hereby certifies that he conferred with counsel for Plaintiff Glen Llewellyn, John Nathaniel McNamara, Jr., Esq., regarding this Motion.  Mr. McNamara has advised that Plaintiff does object to the relief requested herein

<u>INTRODUCTION</u>

After the recent remand from the Tenth Circuit, the only issues remaining to be tried are whether the Ocwen Defendants negligently violated the Fair Credit Reporting Act and, if so, whether plaintiff suffered emotional damages as a result of that violation.  But the Ocwen defendants have not yet had a chance to conduct sufficient discovery regarding plaintiff's alleged emotional damages, primarily because plaintiff withheld testimony on this issue until after the close of fact discovery.  For this reason, the Ocwen Defendants move the Court to permit limited discovery regarding plaintiff's alleged emotional damages and the cause of such damages.

There can be little doubt that "good cause" exists to permit such discovery, when to conclude otherwise would allow plaintiff to benefit from withholding key information prior to the close of discovery.  In particular, in August 2009, the Ocwen Defendants asked plaintiff to disclose all of his evidence relating to his alleged emotional distress and how such distress was caused by the Ocwen Defendants.  Plaintiff did not provide a complete response (and, instead, withheld his own testimony on this issue) until September 8, 2010, well after both expert and fact discovery had closed and the Ocwen Defendants had moved for summary judgment.

This Court found that plaintiff's last-minute, uncorroborated testimony regarding his alleged emotional distress was insufficient to survive summary judgment.  The Tenth Circuit disagreed finding that plaintiff's new statements regarding his emotional distress "created a genuine dispute as to whether the Ocwen Defendants' caused him to suffer emotional damages," though it specifically held that "[a]t trial, Plaintiff's ability to recover for the various physical symptoms he describes will turn, in part, on his ability to establish that the physical symptoms are manifestations of the emotional distress he experienced."  Because no trial date has been

scheduled in this matter and because good cause exists for the Ocwen Defendants to re-open

discovery on this limited issue, the Ocwen Defendants should be permitted to designate an expert

as to the causation of Plaintiff's alleged emotion damages and to re-depose Mr. Llewellyn

regarding the statements he made in his September 8, 2010 declaration — statements concerning

his alleged emotional damages which were nowhere to be found when he responded to the

Ocwen Defendants' interrogatories during the discovery process.

RELEVANT PROCEDURAL BACKGROUND

*Previous Discovery & The Court's Scheduling Orders*

On or about June 23, 2009, Magistrate Judge Mix issued a Scheduling Order requiring

the parties to designate experts on or before October 1, 2009 and rebuttal experts on or before

November 1, 2009.  (Docket No. 148.)  In that order, a discovery cut-off was set for December 1,

2009, and the deadline to file dispositive motions was set for January 12, 2010.  (*Id.*)

Shortly thereafter, and several months before the expert discovery cut-off, the Ocwen

Defendants propounded discovery on plaintiff to elicit information regarding his claims for

"emotional distress" in connection with his various claims for relief.[1]  More specifically, on

August 19, 2009, the Ocwen Defendants propounded Interrogatory No. 14, which requested that

plaintiff "identify any way that Ocwen caused [plaintiff] physical or emotional distress or

anguish or harm."  Nearly five months later, after the deadline for the designation of experts had

closed, on January 10, 2010, plaintiff finally responded to this interrogatory, with the conclusory

statement that the Ocwen Defendants' "conduct ruined me financially, causing me severe

---

[1] Plaintiffs' claims for outrageous conduct, violation of the Fair Debt Collection Practices Act and for economic, statutory and punitive damages under the Fair Credit Reporting Act ("FCRA") have all been dismissed as a matter of law.  (Docket No. 266 (Granting Summary Judgment), Docket No. 276 (10th Circuit Opinion).)

3

4846-6374-8371.2

emotional distress, headache, loss of sleep, and deep depression.  I am under the care of a doctor and will provide medical records if available." (Docket No. 183-11, pp. 5-6).  Other than this response, which plainly states that his emotional distress was a direct result of his financial ruination (and not the Ocwen Defendants' alleged violations of the FCRA), plaintiff provided no additional details regarding his alleged emotional distress or any physical symptoms he claimed resulted therefrom.  Plaintiff went on to state in his deposition that he did not seek or receive any psychological treatment for his alleged emotional distress from 2002 through the time he filed this lawsuit.  (Docket No. 183-3, 290:19-21.)

### *The Ocwen Defendants' Motion for Summary Judgment & Plaintiff's Last-Minute Testimony*

Consistent with the deadline imposed by Judge Mix's April 28, 2010 order, on June 16, 2010, the Ocwen Defendants moved for summary judgment as to all of plaintiff's claims. (Docket No. 183.)  In opposing that motion, plaintiff submitted a declaration in which he asserted for the first time various physical and psychological symptoms that he claimed were the result of "Ocwen and their foreclosure lawyers, Castle, ruining [his] credit." .  (Docket No. 217-16, ¶¶6-8.)  For instance, plaintiff stated that  he "began experiencing increased fatigue daily," "developed blurred vision, rashes and itching skin on [his] torso and legs, and painful joint inflammation," and "began to experience numbness in [his] feet, hands, and legs, shortness of breath, and constant thirst." (*Id.* ¶ 6.) While he states these symptoms were due to "Ocwen and their foreclosure lawyers, Castle, ruining [his] credit," he acknowledges that a doctor attributed these symptoms to diabetes, and "changed [his] diet, and prescribed [him] insulin." (*Id.*) Similarly, plaintiff states that "[a]t about that same time," symptoms he attributes to his previously diagnosed Crohn's disease "returned with great force." (*Id.* ¶ 7.)  In particular,

4

plaintiff states that he experienced "severe abdominal pain with stomach and intestinal cramping, along with bloating, constipation, diarrhea, and reoccurring nausea," "drenching night sweats, panic attacks, anxiety, severe kidneys pains, horrible joint pains at [his] wrists, neck, hips, jaw, spine, and knees, and low grade fever and chills" and that the written "threats" from Castle caused him "great stress and anxiety." (*Id.*)   Finally, plaintiff states that "[a]s a result of [his] increased health problems, [his] depression returned" and explains that he "felt completely helpless as to how to manage [his] crumbling personal real estate investments, and felt as though everything was 'closing in.'" (*Id.* at ¶ 8.)   In a subsequent filing in opposition to Ocwen's request for summary judgment,[2] plaintiff also argued for the first time that his FCRA claim should survive because he sought psychological counseling in late 2009 — over a year after he filed his initial complaint. (Docket No. 251 at 30.)   The Ocwen Defendants never had the opportunity to conduct discovery regarding these new allegations.

In response, the Ocwen Defendants argued in their reply briefing that that plaintiff's self-serving declaration, unaccompanied by corroborating evidence, was insufficient as a matter of law to create a triable issue as to his FCRA claim.  (Docket No. 224, p. 13-15 & 17, n.60, Docket No. 260, p. 19-20.)  The Ocwen Defendants also argued that the psychological evaluations were irrelevant, because plaintiff did not seek any counseling during the time period relevant to the complaint.  (Docket No. 260 at 19-20.)

Judge Martinez agreed that plaintiff's declaration was insufficient to create a triable issue of fact and granted summary judgment in Ocwen's favor.  In particular, Judge Martinez held that

---

[2] On February 9, 2011, this action was reassigned to Judge William J. Martinez.  On March 4, 2011, Judge Martinez directed that Ocwen's summary judgment motion be re-filed in conformity with his practice standards.   (Docket No. 232, Docket No. 244.)   Accordingly, there are two rounds of summary judgment briefing in the docket for this action.

plaintiff had not sufficiently demonstrated a material issue of fact regarding his alleged emotional damages.  (Docket No. 266.)  Judge Martinez explained that plaintiff's medical records pertaining to psychological evaluations in late 2009 were "entirely insufficient to create a triable issue as to whether Ocwen's negative credit reporting during late 2006 and early 2007, as opposed to Plaintiff's defaulting on sixteen mortgage loans, caused the medical issues plaintiff was experiencing during the last half of 2009." (*Id.* at 24.)  Similarly, Judge Martinez explained that plaintiff's deposition was insufficient to create a triable issue of fact because plaintiff's "unsupported statements attributing these medical conditions to Ocwen's conduct are too conclusory to show that Ocwen caused plaintiff's emotional harm," particularly given that plaintiff had defaulted on sixteen mortgage loans during the relevant time period.  (*Id.* at 25.)

*The Tenth Circuit's Remand Order*

On appeal, the Tenth Circuit affirmed Judge Martinez's ruling as to all claims except for plaintiff's claim for emotional distress damages under the FCRA.  (Docket No. 276.)  The Tenth Circuit held that certain specific statements made for the first time in plaintiff's declaration, submitted well after the close of discovery were sufficiently detailed to survive summary judgment.  (*Id.* at 19, n.3.)  In particular, the appellate court cited plaintiff's statements that he suffered "drenching night sweats, panic attacks," "great stress and anxiety," and the feeling he "could not recover," statements and details which were nowhere to be found in plaintiff's responses to Ocwen's Interrogatory No. 14, though plainly responsive thereto.  Moreover, the Tenth Circuit stressed that proof of causation would be a key issue on remand: "[a]t trial, Plaintiff's ability to recover for the various physical symptoms he describes will turn, in part, on his ability to establish that the physical symptoms are manifestations of the emotional distress he

experienced." (*Id.*)  Inasmuch as "proof of causation" is a key issue on remand and because plaintiff withheld the very testimony which prompted the remand until the close of discovery, the Ocwen Defendants should be permitted to reopen discovery on this limited issue.

## LEGAL ARGUMENT

### I.  THIS COURT SHOULD REOPEN DISCOVERY TO PERMIT THE OCWEN DEFENDANTS TO CONDUCT LIMITED DISCOVERY REGARDING PLAINTIFF'S EMOTIONAL DISTRESS.

Plaintiff identified numerous alleged symptoms, including "night sweats," "panic attacks," and "great stress and anxiety," only after the close of discovery, notwithstanding the Ocwen Defendant's interrogatory specifically soliciting such information.  As such, the Ocwen Defendants have not had a fair opportunity to conduct discovery as to the nature of plaintiff's alleged emotional distress claim — the only issue remaining in this case.  (*Compare* Docket 251-8, ¶¶ 7-8.)  More specifically, the Ocwen Defendants have not had the opportunity to pursue evidence as to the causation issue raised in the Tenth Circuit's remand order, which likely necessitates the retention of an expert witness to opine on whether plaintiff's alleged emotional damages were proximately caused by the Ocwen Defendants' conduct or — as plaintiff's own interrogatory response suggests —unrelated factors, including the economic hardships he was suffering (which the Tenth Circuit has concluded were not the Ocwen Defendants' fault as a matter of law).  (Docket No. 276.)  Accordingly, this Court should issue an order reopening discovery to permit adequate and expeditious preparation for a trial on this issue.

Courts in the Tenth Circuit consider six factors in determining whether to exercise their

7

discretion to reopen discovery: (1) whether the trial is imminent; (2) whether the request to reopen is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery; (5) the foreseeability of the need for additional discovery; and (6) the likelihood that the discovery will lead to relevant evidence. *Smith v. U.S.*, 834 F.3d 166, 169 (10th Cir. 1987); *see also Standard v. Union Pacific R. Co.*, 198 F.3d 258 (Table) (10th Cir. 1999) (reversing refusal to reopen discovery); *Benton v. Avedon Eng'g, Inc.*, No. 10-cv-01899, 2013 WL 1751886, * 1 (D. Colo. Apr. 23, 2013) (Mix, J.) (granting motion to extend discovery deadline).   Courts routinely reopen discovery to supplement the evidentiary record following a mandate by an appellate court. *See, e.g.*, *Standard*, 198 F.3d 258 (reversing denial of motion to reopen discovery); *Ajaj v. United States*, No. 03-cv-01959, 2009 WL 416478 (D. Colo. Feb. 17, 2009) (granting additional discovery).

In *Standard*, plaintiff appealed the district court's order granting defendant's summary judgment motion.   198 F.3d 258 at *1.   After reversing the entry of summary judgment, the Tenth Circuit also reviewed the *Smith* factors concluded that discovery should be reopened. *Id.* at *3.   In so ruling, the Tenth Circuit emphasized that given its remand order, trial was not imminent and defendant would not be prejudiced by the additional discovery, that the additional discovery was likely to lead to the discovery of admissible evidence, and that plaintiff's failure to obtain the information before the close of discovery was not due to lack of diligence, but because the record reflected the information sought "came to light at the last minute." *Id.*   Similarly, in *Ajaj,* Magistrate Judge Mix reopened discovery following remand from the Tenth Circuit.   2009 WL 416478.   There, following remand, plaintiff sought leave to propound additional discovery requests seeking information not requested before the close of discovery, but of which plaintiff

became aware when it was sought and obtained in another proceeding.  *Id.* at *1-2.  Plaintiff explained that he failed to request the information because he did not realize its significance until it was addressed by the Tenth Circuit on appeal.  *Id.* at *2.  Magistrate Judge Mix considered the *Smith* factors and granted plaintiff's motion.  *Id.*

Here, the *Smith* factors weigh in favor of reopening discovery to allow expert witness designations, because, as explained below, trial is not imminent, plaintiff will not be prejudiced by allowing the Ocwen defendants a fair opportunity to obtain the discovery previously sought that plaintiff failed to provide, and the information sought is highly relevant to the single issue remaining in this action on remand.[3]

**A.     Plaintiff Would Not Be Prejudiced By Allowing Limited Discovery, Particularly Because No Trial Date Has Been Set.**

The first and third factors, whether trial is imminent and whether the non-moving party would be prejudiced, weigh in favor of reopening discovery here.  As to the first factor, trial is not imminent here because no trial date has yet been set.  *See Kellar*, 2009 WL 1561407, at *1 (first factor weighed in favor of reopening discovery where trial date had not been set); *see also Benton*, 2013 WL 1751886, at *1 (first factor weighed in favor of reopening discovery where trial date was set for four months later).  In particular, the Tenth Circuit has held that this factor weighs in favor of reopening discovery when the action has just been remanded by the appellate court.  *Standard*, 198 F.3d 258 (Table), at *3.

Furthermore, because this action has just been remanded by the Tenth Circuit, plaintiff

---

[3] Regarding the second factor, that plaintiff opposes the motion carries little weight, particularly in light of the other factors which favor reopening discovery here. *See, e.g., Kellar v. United States Dep't of Veteran Affairs*, No. 08-cv-00761, 2009 WL 1561407, *1 (D. Colo. May 28, 2009) (Mix, J.) (granting opposed motion to reopen discovery); *Ajaj*, 2009 WL 416478 (same).

would not be prejudiced by any minimal delay that might be imposed by limited additional discovery. *Id.* ("In light of the fact that this matter has been remanded for further proceedings, it is clear to this court that trial is not imminent and that the defendant will not be prejudiced by allowing the plaintiff to conduct further discovery . . . ."). Not only can this discovery be accomplished in a short amount of time, any delay resulting therefrom is plaintiff's own fault for failing to provide a complete recitation of his alleged emotional distress-related injuries in response to the Ocwen Defendants' properly propounded interrogatories. Indeed, there can be little doubt that if plaintiff had opposed the Ocwen Defendants' request for summary judgment with no more than the statement he offered in response to Interrogatory No. 14, that the Tenth Circuit would have affirmed the judgment of the district court. Plaintiff cannot have it both ways by offering last-minute, uncorroborated testimony to keep his claim for emotional distress damages alive, and then claim prejudice when the Ocwen Defendants request the opportunity to conduct appropriate discovery to determine the veracity of his statements. Accordingly, the Ocwen Defendants should be entitled to learn whether his alleged emotional damages were proximately caused by the Ocwen Defendants' conduct as opposed to the multitude of other factors highlighted by this Court and the Tenth Circuit.

    **B.**    **Plaintiff's Withholding Of Relevant Testimony Frustrated Ocwen's Diligent Efforts To Previously Obtain Critical Information.**

The fourth and fifth factors, whether the requesting party was diligent in its efforts to obtain the information before the close of discovery and foreseeability that additional discovery would be necessary prior to the discovery deadline, weigh heavily in favor of reopening discovery here. As Magistrate Judge Mix held earlier this month, the fourth factor, whether the movant was diligent in seeking discovery, weighs in favor of reopening discovery where, as

here, the information subject to the request for additional discovery was not known until after the discovery deadline had passed. *Benton*, 2013 WL 1751886, *1 (Mix, J.) (granting reopening of discovery when failure to complete discovery prior to the cut-off was attributable to non-moving party).

Here, too, the Ocwen Defendants were unable to obtain discovery as to the purported injuries stated in plaintiff's declaration, because the declaration itself was not offered until after the discovery deadline had passed and motions for summary judgment had been filed. Critically, plaintiff withheld key information offered in that declaration from his response to Interrogatory No. 14. When the deadline to designate experts passed on October 1, 2009, plaintiff had not yet produced any documents, had not yet responded to the Ocwen defendants' interrogatories, which had been propounded two months earlier, had not yet been deposed, and had not designated any experts. When plaintiff eventually provided interrogatory responses three months after the expert cutoff, his responses stated that he believed his emotional distress resulted from a claimed predicate financial injury. (Docket No. 183-11, p. 6 ("The conduct ***ruined me financially***, causing me severe emotional distress).) The Ocwen Defendants did not move to enlarge the expert designation deadline upon receiving this response because, as this Court and the Tenth Circuit have agreed, plaintiff's theory of economic injury was not viable. (Docket No. 276 (affirming summary judgment as to FCRA economic damages because "[p]laintiff has failed to point to specific admissible evidence to support his claim that he suffered economic damages as a result of the Ocwen Defendants' alleged violation of the FCRA.").)

It was not until plaintiff submitted his declaration in September 2010 —and the Tenth Circuit held that the statements therein created a genuine dispute as to whether the Ocwen

11

Defendants caused plaintiff to suffer emotional damages —that it was foreseeable that additional discovery would be required. *See, Ajaj*, 2009 WL 416478, at *2 (fourth and fifth factors favored reopening discovery where plaintiff "did not realize the significance of [certain] information to his FTCA claim until it was addressed by the Tenth Circuit on appeal of his case"). Now that the Tenth Circuit's opinion has reinstated plaintiff's claim for emotional damages, based solely upon statements that plaintiff provided for the first time after the close of discovery, and which were inconsistent with his interrogatory responses, the Ocwen Defendants should be afforded an opportunity to pursue discovery as to those statements. For example, the Ocwen Defendants should be able to explore when exactly plaintiff's "night sweats", "severe abdominal pain", "joint pains" and "low grade fever and chills" occurred, the connection between these symptoms and plaintiff's "stress and anxiety" and mental health, the effect of these conditions on plaintiff's quality of life and how exactly the Ocwen Defendants' conduct allegedly caused these symptoms and physical manifestations with plaintiff and his treating medical providers. Additionally, the Ocwen Defendants should be entitled to designate experts to examine these statements and plaintiff's medical records to opine on causation. This is particularly true in light of the Tenth Circuit's ruling that proof of causation will be key on remand.

### C.  Additional Discovery Will Unquestionably Yield Evidence Admissible To (And Potentially Dispositive Of) Plaintiff's Sole Remaining Claim.

Finally, the sixth factor also favors reopening discovery, because the additional discovery sought is likely to lead to admissible evidence. Courts in this circuit, including this Court, have found reopening discovery appropriate where, as here, remand from the appellate court or denial of a dispositive motion demonstrated that the interest of justice would be served by a better developed record. *See, e.g., Standard*, 198 F.3d 258 (Table) (reversing refusal to reopen

discovery after entry of summary judgment); *Mrs. Condies Salad Company v. Colorado Blue Ribbon Foods, LLC*, No. 11-cv-02118, 2012 WL 5354848, *7 (D. Colo. Oct. 30, 2012) (Mix, J.) (ordering discovery reopened for 90 days in order denying motion for summary judgment to "assist the parties in resolving the disputed factual issues").

Here, given that the Tenth Circuit has held that plaintiff's uncorroborated declaration was sufficient to avoid summary judgment, it is in this Court's interest to allow limited additional discovery to fully develop the evidentiary record before proceeding to trial. *Benton*, 2013 WL 1751886, *2 (interest of "facilitating the parties' presentation of a thoroughly prepared case before the District court" required extending discovery deadline). As the Tenth Circuit opinion acknowledged, evidence as to causation will be required to fully adjudicate whether the symptoms detailed in plaintiff's declaration were actually proximately caused by the Ocwen Defendants' alleged unlawful conduct, and not, for instance, by preexisting medical conditions, or plaintiff's concurrent default on sixteen mortgage loans, which both this Court and the Tenth Circuit agreed, was not caused by the Ocwen Defendants. (Docket No. 276.) This Court should, therefore, permit the Ocwen Defendants the opportunity to pursue that evidence.

## CONCLUSION

For the reasons stated above, the Ocwen Defendants respectfully request that the Court enter an Order reopening limited discovery regarding plaintiff's emotional damages under the FCRA and permitting the Ocwen Defendants to: (1) designate no more than three expert witnesses regarding plaintiff's emotional damages; (2) re-depose plaintiff for no more than three hours (exclusive of breaks in testimony) regarding the statements, symptoms and medical records disclosed in his September 8, 2010 declaration; and (3) conduct third-party discovery

4846-6374-8371.2

regarding the statements, symptoms and medical records in plaintiff's September 8, 2010 declaration including the issuance of medical records requests and/or Fed. R. Civ. P. 45 subpoenas to plaintiff's medical providers and conducting informal interviews with plaintiff's medical providers consistent with *Carter v. Loucks*, Case No. 12–cv–01381–WYD–KMT, 2013 WL 328959 (D. Colo. Jan. 29, 2013), *Reutter v. Weber*, 179 P.3d 977 (Colo. 2007) and *Samms v. District Court*, 908 P.2d 520 (Colo. 1995).

Respectfully submitted this 3rd day of May, 2013

By: <u>*s/ Mark C. Willis*</u>
Mark C. Willis
Kelly S. Kilgore
KUTAK ROCK LLP
1801 California Street, Suite 3100
Denver, CO 80202-2626
Telephone: 303-297-2400
Facsimile: 303-292-7799
mark.willis@kutakrock.com
kelly.kilgore@kutakrock.com

*Attorneys for Defendants Ocwen Loan*
*Servicing, LLC and Nomura Credit and Capital,*
*Inc.*

4846-6374-8371.2

**CERTIFICATE OF SERVICE**

I certify that on this 3rd day of May, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> John Nathaniel McNamara, Jr.
> McNamara Law Firm, P.C.
> 1035 South Gaylord Street, Suite 100
> Denver, CO 80209
> mac@washparklaw.com
>
> Michael L. Glaser
> Michael L. Glaser, LLC
> 1720 South Bellaire Street, #607
> Denver, CO 80222
> mglaser@glaserlegal.com
>
> *Attorneys for Plaintiff*

                                        *s/Edna Slagle*
                                        Edna Slagle