IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00179-WJM-KLM

GLEN LLEWELLYN,

    Plaintiff,
v.

OCWEN LOAN SERVICING, LLC, and
NOMURA CREDIT AND CAPITAL, INC.,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion for Limited Reopening of Discovery Regarding Plaintiff's Emotional Damages Following Remand** [Docket No. 287; Filed May 3, 2013] (the "Motion"). The Motion is referred to this Court for recommendation regarding disposition [#292]. On May 24, 2013, Plaintiff filed a Response to the Motion [#293]. On June 10, 2013, Defendants filed a Reply [#296]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises.

**I. Background**

On June 23, 2009, the Court entered an Order [#148] requiring the parties to designate affirmative experts on or before October 1, 2009 and rebuttal experts on or before November 1, 2009. That Order also set a discovery cut-off of December 1, 2009, and a dispositive motions deadline of January 12, 2010. *Order* [#148] at 2. Defendants

allege that they timely served discovery requests on Plaintiff. *Motion* [#287] at 3. Included in Defendants' written discovery requests to Plaintiff was Interrogatory 14 which reads:

> Please identify in [sic] any way that Ocwen caused you physical or emotional distress or anguish or harm, including but not limited to:
>
> a.   All conduct, with particularity, you contend caused you physical or emotional distress [or] anguish or harm;
> b.   the date of that conduct and the nature of that conduct;
> c.   the physical or emotional distress or anguish or harm suffered as a result;
> d.   each medical provider you have seen; and
> e.   the treatment you have received and medication you have taken in respect of such physical or emotional distress or anguish or harm.

*Responses to Interrogatories* [#183-11] at 5-6. On January 11, 2010, Plaintiff served his responses to Defendants' first set of interrogatories [#183-11]. In response to Interrogatory 14, Plaintiff stated: "The conduct is described in answers above. The conduct ruined me financially, causing me severe emotional distress, headache, loss of sleep, and deep depression. I am under the care of a doctor and will provide medical records if available." *Id.* at 6. When deposed on March 26, 2010, Plaintiff stated that between 2002 and 2008 he did not have any psychiatric evaluation and was not taking any medication prescribed by a psychiatrist. *Pltf. Depo. Trans.* [#183-3] at 290:5-21. On September 13, 2010—more than eight months after he served his responses to Defendants' interrogatories—in response to Defendants' motion for summary judgment [#183], Plaintiff submitted a declaration stating:

> Due to Ocwen and their foreclosure lawyers, Castle, ruining my credit, both my finances and my health began to rapidly deteriorate. I began experiencing fatigue daily to the point where it became a chore to even get out of bed. I developed blurred vision, rashes and itching skin on my torso and legs, and painful joint inflammation. I also began to experience numbness in my feet, hands, and legs, shortness of breath, and constant thirst. [ ] When I went to see a doctor about what may be causing these

2

>ailments, the doctor immediately diagnosed me with diabetes, changed my diet, and prescribed me insulin. I still have diabetes, and must take daily insulin injections. At about that same time, the symptoms of my Crohn's Disease, which I knew well, returned with great force. . . . The symptoms became so bad in late 2006/early 2007 that I could no longer complete what limited work I had. I had none of these symptoms before Ocwen's wrongfully reported severe delinquency to the credit bureaus. . . . As a result of my increased health problems, my depression returned.

*Pltf. Decl.* [#217-16] at ¶¶ 6-8. In a subsequent filing in opposition to Defendants' motion for summary judgment,[1] Plaintiff argued that his claim brought pursuit to the Fair Credit Reporting Act (the "FCRA") should survive summary judgment because he "sought psychological counseling and received medication due to the depression he suffered as a result of [Defendants'] misconduct." *Resp. to MSJ* [#251] at 30. Plaintiff further alleged that his "mental health treatment plan notes show that on December 13, 2009,[2] [Plaintiff] was diagnosed with depression, noting psychosocial stressors: ongoing financial, and Crohn's disease, and was prescribed Duloxetine, a drug to treat depression and generalized anxiety disorder." *Id*. Plaintiff also claims that he "underwent individualized psychotherapy in 2009." *Id*. Defendants allege that they never had the opportunity to conduct discovery regarding these new allegations. *Motion* [#287] at 5. The District Judge granted summary judgment finding, with regard to the emotional harm Plaintiff allegedly suffered, that "Plaintiff has failed to raise a triable issue as to whether his emotional harm was caused by [Defendants'] conduct between December 5, 2006 and February 15, 2007."

---

[1] There were two rounds of summary judgment briefing in this action per Judge Martinez's Order [#244] requiring the parties to refile their pleadings in conformity with his Practice Standards after the case was reassigned to him.

[2] This treatment allegedly occurred prior to January 11, 2010, the date on which Plaintiff served his responses to Defendants' discovery requests.

3

*Order* [#266] at 26.³ The case was subsequently dismissed. *See generally Judgment* [#270].

Plaintiff appealed Judge Martinez's Order [#266] to the Tenth Circuit Court of Appeals (the "Tenth Circuit"). *See generally Notice of Appeal* [#271]. On March 28, 2013, the Tenth Circuit affirmed Judge Martinez's ruling except as to the claim for emotional harm. *Opinion* [#276] at 20 (concluding that Plaintiff's declaration "created a genuine dispute as to whether the [Defendants'] actions caused him to suffer emotional damages."). With regard to "Plaintiff's FCRA claim based on his alleged emotional damages," the Tenth Circuit reversed and remanded.⁴ *Id.* at 35.

In the Motion Defendants request that the Court reopen discovery on the limited topic of Plaintiff's alleged emotional damages. *Motion* [#287] at 13. Specifically, Defendants request to be allowed to: (1) designate up to three additional expert witnesses; (2) re-depose Plaintiff for no more than three hours; and (3) conduct third-party discovery regarding "the statements, symptoms and medical records in plaintiff's September 8, 2010 declaration including the issuance of medical records requests and/or Fed. R. Civ. P. 45 subpoenas to Plaintiff's medical providers and conducting informal interviews with plaintiff's medical providers." *Id.* at 14. Applying the standard enunciated in *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987), Defendants argue that "the Smith factors weigh in favor of reopening discovery to allow expert witness designations, because . . . trial is not

---

³ Judge Martinez addressed many other issues in his Order [#266] but the only one relevant for the instant Order is the allegation of emotional harm.

⁴ As a result of the dismissal and appeal, the current parties to this action are Plaintiff and Defendants Ocwen Loan Servicing, LLC and Nomura Credit and Capital, Inc. Therefore, as part of this Order, the Court will instruct the Clerk of the Court and the parties to modify the caption on all pleadings going forward.

4

imminent, [P]laintiff will not be prejudiced by allowing [Defendants] a fair opportunity to obtain the discovery previously sought that [P]laintiff failed to provide, and the information sought is highly relevant to the single issue remaining in this action on remand." *Motion* [#287] at 9.

Plaintiff's Response leaves much to be desired. *See generally Resp.* [#293].[5] Plaintiff fails to address the standard for reopening discovery and fails to address any of the elements of the standard except to state in a conclusory fashion that Plaintiff would be prejudiced by reopening discovery on any basis. *Id.* at 2.

## I. Analysis

The Court may modify its scheduling orders upon a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4); D.C.COLO.LCivR 16.1. Whether to modify a scheduling order "to extend or reopen discovery is committed to the sound discretion" of the Court. *Smith*, 834 F.2d at 169. When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence. *Id.* (citations omitted). With regard to the fourth factor, the Court of Appeals for the Tenth Circuit has explained that "[d]emonstrating good cause under [Rule 16(b)(4)]

---

[5] The Court also notes that Plaintiff's Response fails to comply with D.C.COLO.LCivR 10.1E. which requires that "[a]ll papers shall be double-spaced" and D.C.COLO.LCivR 7.1C. which requires motions, responses, and replies to "be supported by a recitation of legal authority incorporated into the motion."

5

'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).

Applying the *Smith* factors, the Court finds that reopening discovery on the limited topic of Plaintiff's alleged emotional damages is appropriate. With regard to the first factor, no trial date is set in this case. Therefore, there is adequate time to complete discovery on this limited topic. Accordingly, the first *Smith* factor weighs in favor of reopening discovery.

With regard to the second factor, Plaintiff opposes Defendants' request to reopen discovery, alleging in a conclusory manner that he will be prejudiced by any reopening of discovery. *Resp.* [#293] at 2. Moreover, Plaintiff asserts that the Court declined to reopen discovery at an earlier hearing. Plaintiff's contention is not persuasive here, where the justification for the request to reopen discovery is entirely different. *See Trans. of Status Conference* [#289] at 7:15-17 ("there just needs to be more extraordinary circumstances than a change in counsel to justify reopening discovery at this point . . ."). Thus, the second factor weighs in favor of reopening discovery, as Plaintiff's opposition is superficial and unsubstantiated.

With regard to the third factor, Plaintiff asserts that reopening discovery would "severely" prejudice him. *Id.* He claims that he "has been subjected to grueling discovery in this matter already, including three deposition sessions over the course of two months." *Id.* Defendants argue that it was Plaintiff's own delay in offering his claim of emotional distress that resulted in the present Motion. *Reply* [#296] at 3. Defendants further argue that "Plaintiff cannot have it both ways by offering last-minute, uncorroborated testimony

to keep his claim for emotional distress damages alive, and then claim prejudice when [Defendants] request the opportunity to conduct appropriate discovery to determine the veracity of his statements." *Motion* [#287] at 10. The Court agrees with Defendants and finds that Plaintiff will not be unduly prejudiced if discovery is reopened on a limited basis. Accordingly, the third *Smith* factor weighs in favor of reopening discovery.

With regard to the fourth factor, based on the pleadings filed in this case, it appears to the Court that Defendants were diligent in their attempt to obtain discovery on the issue of Plaintiff's emotional damages before the expiration of the deadline for the completion of discovery. Therefore, the Court finds that the fourth *Smith* factor weighs in favor of reopening discovery.

With regard to the fifth factor, the Court finds that because Plaintiff's declaration regarding his alleged emotional harm was filed significantly after the close of discovery, Defendants could not have anticipated the need for this additional discovery within the time allowed by the Court. As a result, the Court finds that the fifth *Smith* factor weighs in favor of reopening discovery.

Finally, with regard to the sixth factor, the Court finds that reopening discovery regarding the limited topic of Plaintiff's alleged emotional damages is likely to lead to relevant evidence. The claims expressed by Plaintiff in his declaration were not subject to discovery because the declaration was not filed until September 13, 2012—more than five months after the close of discovery. Therefore Defendant was unable to gather the necessary information to defend against this claim during the discovery period. Further, Defendants' requests are limited to the one topic the Tenth Circuit remanded to this Court: Plaintiff's emotional damages. Accordingly, the Court finds that the sixth *Smith* factor

weighs in favor of reopening discovery.

Because all six of the *Smith* factors weigh in favor of reopening discovery on the limited topic of Plaintiff's emotional damages, the Court concludes that reopening discovery for the limited purpose of allowing Plaintiff to explore this topic is appropriate.

### III. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#287] is **GRANTED** as follows: the Discovery Deadline is **RESET** to **August 30, 2013**.  During that period, Defendants may (1) re-depose Plaintiff for no more than three hours and (2) conduct third-party discovery regarding Plaintiff's alleged emotional damages.  On or before **August 16, 2013**, Defendant may designate up to one additional expert witness relating to Plaintiff's alleged emotional distress.

IT IS FURTHER **ORDERED** that the Final Pretrial Conference set for July 2, 2013 at 10:30 a.m. is **VACATED** and **RESET** to **September 30, 2013 at 11:00 a.m.**

IT IS FURTHER **ORDERED** that the caption shall be changed to the above.  The Clerk of the Court shall modify the caption on the docket and the parties shall use the modified caption on all future pleadings.

Dated:  June 24, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge