**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 08-cv-00179-WJM-KLM

GLEN LLEWELLYN,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.

---

**ORDER REGARDING THE PARTIES' SUBMISSION OF
REVISED PRETRIAL MATERIALS**

---

This matter is before the Court *sua sponte*. On May 8, 2015, this Court held the Final Trial Preparation Conference, where it became evident that the actual scope of the matters to be tried remains somewhat unclear. Much of this lack of clarity is on display in the parties' dispute over Jury Instruction No. 15, which addresses certain standards for liability under the Fair Credit Reporting Act ("FCRA"). (*See* ECF Nos. 338, 341, 343.) Having reviewed the matter more thoroughly, the Court issues the following order to clarify the scope of the forthcoming trial and to guide the parties in their obligations to meet and confer and submit revised pretrial materials. (*See* ECF No. 356.)

At summary judgment, Defendant Ocwen Loan Servicing, LLC ("Ocwen") argued for summary judgment in its favor because, among other reasons: (1) its reporting has always been entirely accurate given that it reported Plaintiff Glen Llewellyn's ("Llewellyn") debt as unpaid, which was true; and in any event, (2) Ocwen complied with

its FCRA investigation and post-investigation reporting obligations as a matter of law. (ECF No. 247 at 26–28.)

This Court's Summary Judgment Order (ECF No. 266) did not address the first argument. Concerning the second argument, the Court held that (a) Ocwen had complied with its investigation obligations arising as of October 23, 2006, and that the investigation itself had been proper as a matter of law (*id*. at 15–16, 18 & n.12); but (b) there was sufficient evidence that Ocwen may have violated its post-investigation reporting obligations because it arguably had notice as of December 5, 2006, that it had reported erroneous credit information, but it did not ask the various credit bureaus to remove that information until February 15, 2007 (*id*. at 16–18 & nn.10 & 11). However, the Court concluded that summary judgment for Ocwen was nonetheless appropriate because Llewellyn failed to support any actual damages, which included both direct economic damages (such as business losses) and emotional distress damages. (*Id*. at 20–26.)

Llewellyn appealed. Llewellyn's opening appeal brief nowhere challenged this Court's ruling that Ocwen had complied with FCRA as a matter of law between October 23 and December 5, 2006. (*See generally Llewellyn v. Allstate Home Loans, Inc., et al.*, Case No. 11-1340, Brief of Plaintiff-Appellant (10th Cir., filed Dec. 19, 2011).) Rather, Llewellyn attacked his inability to present a case based on Ocwen's actions between December 5, 2006 and February 15, 2007. (*See id*. at 2 (listing as issues for review: "Did the district court err in holding that Llewellyn failed to raise a triable issue as to whether his emotional harm was caused by Ocwen's conduct between December

5, 2006 and February 15, 2007 . . . ?" and "Did the district court err in holding that Llewellyn failed to raise a triable issue as to whether his emotional harm was caused by Ocwen's conduct between December 5, 2006 and February 15, 2007?").)

Ocwen in turn argued that, should the Tenth Circuit reverse on those issues, it should nonetheless affirm this Court on either of two alternative bases: (1) Ocwen's reporting has always been entirely accurate given that it reported Llewellyn's debt as unpaid, which was true; and in any event, (2) Ocwen complied with its FCRA investigation and post-investigation reporting obligations as a matter of law. (*See Llewellyn v. Allstate Home Loans, Inc., et al.*, Case No. 11-1340, Brief of Defendants-Appellees Ocwen Loan Servicing, LLC and Nomura Credit and Capital, Inc. at 3, 36–30 & nn.15 & 17 (10th Cir., filed Mar. 23, 2012).) As is evident, these are the same arguments Ocwen raised in summary judgment proceedings before this Court. *See supra*.

The Tenth Circuit affirmed this Court's summary judgment order except with respect to emotional distress damages. *See Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173 (10th Cir. 2013). Specifically, the Tenth Circuit held that Llewellyn's declaration describing his emotional distress was sufficiently specific and non-conclusory to merit a trial. *Id*. at 1182–83.

The Tenth Circuit also rejected Ocwen's alternative bases for affirmance. As to Ocwen's first alternative basis—that it had always reported Llewellyn's credit information accurately—the Tenth Circuit held that information which is technically accurate can nonetheless be misleadingly incomplete. *Id*. at 1185–86. Thus, the Tenth

3

Circuit determined that this Court should not have granted summary judgment on that basis. *Id*. at 1186.

Ocwen's second alternative basis—that it complied with its FCRA investigation and post-investigation reporting obligations as a matter of law—was a challenge to this Court's ruling that Ocwen's behavior between December 5, 2006 and February 15, 2007 raised a triable issue of fact. The Tenth Circuit understood this:

> The Ocwen Defendants additionally argue they are entitled to summary judgment because their investigation fully complied with the requirements of [FCRA]. They maintain the district court erred in determining, based on the December 5 letter . . . , [that] their investigation concluded on that date, and the subsequent two and a half month delay in removing the negative credit reporting was "some evidence" the Ocwen Defendants violated the FCRA.

*Id*. The Tenth Circuit rejected this challenge, but the basis of its reasoning potentially raises the confusion now on display in Instruction No. 15 and the parties' pretrial materials generally. The Tenth Circuit's reasoning is as follows:

> As discussed above, there is at least a genuine dispute of fact as to whether the Ocwen Defendants' reporting created a materially misleading impression, rendering it "incomplete or inaccurate" under [FCRA]. As a result, a jury could conclude the Ocwen Defendants' failure to remove or modify the negative reporting until February 15, 2007—nearly four months after TransUnion notified them of the dispute—violated [FCRA]. We are therefore unable to affirm summary judgment on either of the Ocwen Defendants' alternative bases.

*Id*. at 1186–87.

The passage potentially creates the impression that Ocwen's liability between October 23 and December 5, 2006, or even earlier than October 23, is still an open question. Instruction No. 15 reflects that impression. However, given the context of the

4

actual facts and claims in this case, that is not the best reading of this passage. Although the Tenth Circuit said "there is at least a genuine dispute of fact as to whether the Ocwen Defendants' reporting created a materially misleading impression," that cannot be interpreted as a statement that this issue actually remains for trial. Again, Llewellyn *never* appealed this Court's ruling that Ocwen complied with FCRA as a matter of law between October 23 and December 5, 2006. The Tenth Circuit certainly rejected Ocwen's *alternative* argument that it had always reported "accurately" and was therefore entitled to summary judgment no matter what, but that was simply a rejection of Ocwen's argument. It was not a holding that this Court erred in any way. Moreover, the Court is aware of no authority stating that when an appellate court rejects an appellee's alternative basis for affirmance, it thereby reopens that issue as if the appellant had in fact appealed it.

Thus, what remains of this case is the following: (a) whether Ocwen violated FCRA by its conduct between December 5, 2006 and February 15, 2007; if so, (b) whether Llewellyn suffered emotional distress caused by Ocwen's FCRA violation; and if so, (c) the measure of damages, if any, for that emotional distress. The Court further notes Llewellyn's burden to prove that his alleged emotional distress arose because of Ocwen's actions between December 5, 2006 and February 15, 2007. *See, e.g.*, *Rambarran v. Bank of Am., N.A.*, 609 F. Supp. 2d 1253, 1269 (S.D. Fla. 2009) (FCRA damages must arise from the FCRA violation, not before it); *Molina v. Experian Credit Info. Solutions*, 2005 WL 5525336, at *5 (N.D. Ill. Jan. 19, 2005) (same).

Accordingly:

The parties are ORDERED to take the foregoing into account when fulfilling their duty to meet and confer and submit revised pretrial materials, as described in this Court's May 8, 2015 minute entry (ECF No. 356).

In particular, no later than May 20, 2015, the parties are ORDERED to submit a revised FCRA jury instruction that reflects the scope of the case as described above. If the parties stipulate to the instruction, it shall continue to be designated Instruction No. 15. If the parties cannot stipulate, then Llewellyn's version shall be designated Plaintiff's Instruction 15 and Ocwen's version shall be designated Defendant's Instruction A.

Dated this 11th day of May, 2015.

BY THE COURT:

William J. Martinez
United States District Judge